# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| | Case No. 1:17-md-02804 |
| This document relates to: | Judge Dan Aaron Polster |
| *City of West Monroe, Louisiana v. Purdue Pharma L.P. et al*, Case No. 1:18-op-46133 | **SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein.  Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below.  To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e).  Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP.  The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1.      Plaintiff(s)' Existing Complaint (No. 1:18-op-46133-DAP, Doc. #: 1) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2.      Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; PAR PHARMACEUTICAL, INC.; PAR PHARMACEUTICAL COMPANIES, INC.; JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; NORAMCO, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON; TEVA PHARMACEUTICAL INDUSTRIES LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; ALLERGAN FINANCE LLC f/k/a ACTAVIS, INC. f/k/a WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS, LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; INSYS THERAPEUTICS, INC.; MALLINCKRODT PLC; MALLINCKRODT LLC; SPECGX LLC; CARDINAL HEALTH, INC.; McKESSON CORPORATION; HEALTH MART SYSTEMS, INC.; AMERISOURCEBERGEN CORPORATION; AMERISOURCEBERGEN DRUG CORPORATION; H. D. SMITH, LLC f/k/a H. D. SMITH WHOLESALE DRUG CO; ANDA, INC.; CVS HEALTH CORP.; RITE AID CORP.; RITE AID OF MARYLAND, INC., d/b/a RITE AID MID-ATLANTIC CUSTOMER SUPPORT CENTER; WALGREENS BOOTS ALLIANCE, INC. a/k/a WALGREEN CO.; WALMART INC., f/k/a WALMART STORES, INC.; AMNEAL PHARMACEUTICALS LLC; INDIVIOR INC. F/K/A RECKITT BENCKISER PHARMACEUTICALS, INC.; MYLAN PHARMACEUTICALS, INC.; HIKMA PHARMACEUTICALS PLC D/B/A HIKMA PHARMACEUTICALS USA INC. F/K/A WEST-WARD PHARMACEUTICALS CORPORATION; LOUISIANA WHOLESALE DRUG COMPANY, INC.; MORRIS & DICKSON CO., LLC; K & B LOUISIANA CORPORATION; LOUISIANA CVS PHARMACY, L.L.C.; WALGREEN LOUISIANA CO., INC.; ALBERTSON'S LLC.

**I, Richard J. Arsenault, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).**

**I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**The following newly added Defendant(s) *do not appear* in the ARCOS data I reviewed:**

None.

Dated: __March 14, 2019__          Signed: _____/s/ Richard J. Arsenault_____

Factual Allegations Regarding Individual Defendants

2.1    Defendants AMNEAL PHARMACEUTICALS LLC; INDIVIOR INC. F/K/A RECKITT BENCKISER PHARMACEUTICALS, INC.; MYLAN PHARMACEUTICALS, INC.; HIKMA PHARMACEUTICALS PLC D/B/A HIKMA PHARMACEUTICALS USA INC. F/K/A WEST-WARD PHARMACEUTICALS CORPORATION; LOUISIANA WHOLESALE DRUG COMPANY, INC.; MORRIS & DICKSON CO., LLC; K & B LOUISIANA CORPORATION; LOUISIANA CVS PHARMACY, L.L.C.; WALGREEN LOUISIANA CO., INC.; and ALBERTSON'S LLC, are hereby added as Defendants by this pleading and Plaintiff sets forth the following jurisdictional allegations:

2.2    Defendant **AMNEAL PHARMACEUTICALS, LLC** ("Amneal") is a Delaware limited liability company with its principal place of business in New Jersey.  Amneal regularly conducts business through its subsidiary Amneal Pharmaceuticals of New York LLC.  Amneal is

3

licensed by the Louisiana Board of Drug and Device Distributors and the Louisiana Board of Pharmacy as a manufacturer and distributor of controlled dangerous substances.[2] Upon information and belief, at all times relevant, Amneal manufactured, promoted, distributed and/or sold opioids nationally, in Louisiana and in Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other allegations incorporated herein. Amneal is sued as a Manufacturer and Marketing Defendant.

2.3 Defendant **INDIVIOR INC.** f/k/a **RECKITT BENCKISER PHARMACEUTICALS, INC.** ("Indivior") is a United States affiliate-subsidiary of Indivior PLC, which is a multinational pharmaceutical company with its headquarters in Slough, United Kingdom, and its principal place of business in Richmond, Virginia. Indivior is registered with the Louisiana Secretary of State as a Delaware corporation with its principal place of business in Richmond, Virginia. Indivior is licensed by the Louisiana Board of Drug and Device Distributors.[3] Upon information and belief, at all times relevant, Indivior manufactured, promoted, distributed and/or sold opioids nationally, in Louisiana and in Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other allegations incorporated herein. Indivior is sued as a Manufacturer and Marketing Defendant.

2.4 Defendant **MYLAN PHARMACEUTICALS INC.** ("Mylan") is registered with the Louisiana Secretary of State as a West Virginia corporation with its principal place of business in Morgantown, West Virginia. Mylan operates as a subsidiary of Mylan N.V. and regularly

---

[2] Louisiana Board of Drug and Device Distributors License Nos. 6740, 8460, 6030, and 6031; Louisiana Board of Pharmacy License Nos. CDS.052655-DIS, CDS.035839-MFR, and CDS.035841-MFR;

[3] Louisiana Board of Drug and Device Distributors License No. 8332.

conducts its pharmaceutical business operations through various entities, including Mylan Speciality, LP. and Mylan Pharms Inc. Mylan principally develops, manufactures and markets generic versions of brand name drugs. Mylan is licensed by the Louisiana Board of Drug and Device Distributors and the Louisiana Board of Pharmacy as a manufacturer and distributor of controlled dangerous substances.[4]  Upon information and belief, at all times relevant, Mylan manufactured, promoted, distributed and/or sold opioids nationally, in Louisiana and in Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other allegations incorporated herein. Mylan is sued as a Manufacturer and Marketing Defendant.

2.5     Defendant **HIKMA      PHARMACEUTICALS      PLC**      d/b/a      **HIKMA PHARMACEUTICALS USA INC.** ("Hikma") f/k/a **WEST-WARD PHARMACEUTICALS CORPORATION** ("West-Ward") is a multinational pharmaceutical company with its headquarters in London, United Kingdom, and its principal place of business in Eatontown, New Jersey.  Hikma is one of the top generic prescription medication providers in the United States, offering both oral solid and injectable pharmaceuticals to a growing number of chain stores, wholesalers, distributors, health systems and government agencies.[5]  West-Ward n/k/a Hikma is licensed by the Louisiana Board of Drug and Device Distributors and the Louisiana Board of Pharmacy as a manufacturer and distributor of controlled dangerous substances.[6] Upon information and belief, at all times relevant, West-Ward n/k/a Hikma manufactured, promoted,

---

[4] Louisiana Board of Drug and Device Distributors License Nos. 5325, 7090, 2471, 8474, and 7685; Louisiana Board of Pharmacy License Nos. CDS.036145-DIS and CDS.037951-DIS.

[5] *See* "West-Ward Pharmaceuticals is now Hikma", ABOUT, https://www.hikma.com/us (last accessed Feb. 25, 2019); *see also* https://www.hikma.com/news/news-article-i3042-west-ward-pharmaceuticals-now-hikma-in-the-us-as-part-of-global-rebranding/ (last accessed Feb. 25, 2019).

[6] Louisiana Board of Drug and Device Distributors License Nos. 6982, 8760, and 8919; Louisiana Board of Pharmacy License Nos. CDS.036953-DIS, CDS.040495-DIS, and CDS.048249-MFR.

distributed and/or sold opioids nationally, in Louisiana and in Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other allegations incorporated herein. Hikma f/k/a West-Ward is sued as a Manufacturer and Marketing Defendant.

2.6     Defendant **LOUISIANA WHOLESALE DRUG CO., INC.** ("Louisiana Wholesale") is a Louisiana corporation with its principal place of business in Sunset, Louisiana ("Louisiana Wholesale"). Louisiana Wholesale is a wholesale pharmaceutical distributor licensed by the Louisiana Board of Drug and Device Distributors and the Louisiana Board of Pharmacy as a distributor of controlled dangerous substances.[7] Upon information and belief, at all times relevant, Louisiana Wholesale operated several distribution centers and distributed prescription opioids in several states across the Southeastern United States, in Louisiana and in Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other allegations incorporated herein. Louisiana Wholesale is sued as a Distributor Defendant.

2.7     Defendant **MORRIS & DICKSON CO., LLC** ("Morris & Dickson") is a Louisiana limited liability company with its principal place of business in Shreveport, Louisiana. Morris & Dickson is a wholesale pharmaceutical distributor. In May 2018, the U.S. Drug Enforcement Agency temporarily ordered Louisiana-based wholesale pharmaceutical distributor Morris & Dickson to stop selling opioids based on the company's alleged failure to report unusually large shipments of narcotics to the government as required.[8] In 2017, Morris and

---

[7] Louisiana Board of Drug and Device Distributors License No. 2012; Louisiana Board of Pharmacy License No. CDS.010346-DIS.

[8] *See* U.S. Dep't of Justice, Press Release No. 18-580, "DEA Suspends the Registration of Morris & Dickson Company from Distributing Controlled Substances", *available at* https://www.justice.gov/opa/pr/dea-suspends-registration-morris-dickson-company-distributing-controlled-substances.

Dickson made approximately $4.2 billion in annual revenue.[9] Morris & Dickson is licensed by the Louisiana Board of Drug and Device Distributors and the Louisiana Board of Pharmacy as a distributor of controlled dangerous substances.[10] Upon information and belief, at all times relevant, Morris & Dickson operated as a wholesale distributor and promoted, distributed and/or sold opioids nationally, in Louisiana and in Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other allegations incorporated herein. Morris & Dickson is sued as a Distributor Defendant.

2.8     Defendant **K & B LOUISIANA CORPORATION** ("K&B") is registered with the Louisiana Secretary of State as a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana.  K&B is a subsidiary of Defendant Rite Aid Corporation ("Rite Aid"), regularly conducts business under the Rite Aid name and brand, and operates a chain of Rite Aid pharmacies and drug stores in Louisiana.[11]  Rite Aid acquired K&B in 1997.[12] Upon information and belief, at all times relevant, K&B sold, distributed, and/or dispensed opioids in Louisiana and Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other

---

[9] *See* "2018 MDM Market Leaders - Top Pharmaceutical Distributors," Modern Distribution Management, https://www.mdm.com/2017-top-pharmaceuticals-distributors; *see also* "Top 20 Pharmaceutical Wholesale & Distribution Organizations 2018 - Visiongain Report", PR NEWSWIRE, https://www.prnewswire.com/news-releases/top-20-pharmaceutical-wholesale-amp-distribution-organizations-2018-visiongain-report-899381456.html.

[10] Louisiana Board of Drug and Device Distributors License Nos. 4299, 2006, and 2015; Louisiana Board of Pharmacy License No. CDS.000917-DIS.

[11] Indeed, K&B's corporate officers identified in business filings with the Louisiana Secretary of State (President, Vice-President, Treasurer and Secretary) are identical to those identified in Rite Aid's business filings with the Louisiana Secretary of State. *Compare* https://coraweb.sos.la.gov/CommercialSearch/CommercialSearch Details.aspx?CharterID=298896_58810CCBD1, *with* https://coraweb.sos.la._gov/CommercialSearch/Commercial SearchDetails.aspx?CharterID=576377_89DC15ECC2 (last accessed on Feb. 26, 2019).

[12] *See* "Rite Aid Signs Agreements for Acquisition of K&B and Harco Drugstore Chains" (July, 21, 1997), https://www.riteaid.com/corporate/news/-/pressreleases/news-room/1997/rite-aid-signs-agreements-for-acquisition-of-the-k-amp-b-and-harco-drugstore-chains.

allegations incorporated herein. K&B is sued as a Distributor Defendant and as a Retail Pharmacy Defendant.

2.9    Defendant **LOUISIANA CVS PHARMACY, LLC** ("Louisiana CVS") is registered with the Louisiana Secretary of State as a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana.  Louisiana CVS is a subsidiary of Defendant CVS Health Corporation ("CVS"), regularly conducts business under the CVS name and brand, and operates a chain of CVS pharmacies and drug stores in Louisiana.[13] Upon information and belief, at all times relevant, Louisiana CVS sold, distributed, and/or dispensed opioids in Louisiana and Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other allegations incorporated herein. Louisiana CVS is sued as a Distributor Defendant and as a Retail Pharmacy Defendant.

2.10    Defendant **WALGREEN LOUISIANA CO., INC.** ("Walgreen Louisiana") is registered as a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana.  Walgreen Louisiana is a subsidiary of Defendant Walgreens Boots Alliance, Inc. a/k/a Walgreen Co. ("Walgreens"), regularly conducts business under the Walgreens name and brand, and operates a chain of Walgreens pharmacies and drug stores in Louisiana.[14]  Upon information and belief, at all times relevant, Walgreen Louisiana sold, distributed, and/or dispensed opioids in

---

[13] Upon information and belief, CVS Pharmacy, Inc. is the sole member of Louisiana CVS Pharmacy, LLC, while Defendant CVS Health Corporation, which is a publicly held corporation, owns 100% of the stock of CVS Pharmacy, Inc and no other entity owns more than 10% of the stock of Defendant CVS Health Corporation. *See* https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?Charter     ID=706704_088F07F5A0 (last accessed Feb. 27, 2019).

[14] Upon information and belief, Defendant Walgreen Louisiana and Defendant Walgreens share corporate officers. *Compare* https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?Charter_ID=61448_99BEB 62E7, *with* https://news.walgreens.com/executive-bios/executives/richard-ashworth._htm (last accessed Feb. 27, 2019).

Louisiana and Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other allegations incorporated herein. Walgreen Louisiana is sued as a Distributor Defendant and as a Retail Pharmacy Defendant.

2.11     Defendant **ALBERTSON'S LLC** ("Albertsons") is a Delaware limited liability company with its principal place of business in Boise, Idaho. Albertsons operates as a subsidiary of Albertsons Companies, Inc. Albertsons is a wholesale pharmaceutical distributor and operator of retail pharmacies. Upon information and belief, Albertsons regularly conducts business in Louisiana under Albertsons Companies, Inc.'s name and/or through its affiliates, including but not limited to, Albertsons Companies, Inc. Louisiana and Albertsons Companies, LLC.  Further, upon information and belief, at all times relevant, Albertsons sold, distributed, and/or dispensed opioids nationally, in Louisiana and Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth in Plaintiff's Original Complaint and the other allegations incorporated herein. Albertsons is sued as a Distributor Defendant and as a National Retail Pharmacy Defendant.

## COMMON FACTUAL ALLEGATIONS

3.     By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure.  Dkt. # 1282.

- ☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
- ☒ RICO Marketing Enterprise Common Factual Allegations  (Paragraphs 814-848)
- ☒ RICO Supply Chain Enterprise Common Factual Allegations  (Paragraphs 849-877)

4.     If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations

must be pleaded here.  Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

None.

_____

_____

_____

## **CLAIMS**

5.      The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒  First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒  Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6.      Plaintiff asserts the following **additional claims** as indicated (below or attached):

None.

_____

_____

_____

7.      To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

None.

_____

_____

_____

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in

*In Re National Prescription Opiate Litigation* in the United States District Court for the Northern

District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.


Dated:   March 14, 2019                          */s/ Richard J. Arsenault*
                                                 **NEBLETT, BEARD & ARSENAULT**
                                                 Richard J. Arsenault (LA Bar No. 02563)
                                                 Dawn M. Chmielewski (OH Bar No. 0077723)
                                                 Dustin C. Carter (MS Bar No. 104941)
                                                 2220 Bonaventure Court
                                                 P.O. Box 12120
                                                 Alexandria, Louisiana 71315
                                                 Telephone: (800) 256-1050
                                                 Fax: (318) 561-2591
                                                 E-mail: rarsenault@nbalawfirm.com
                                                 E-mail: dchmielewski@nbalawfirm.com
                                                 E-mail: dcarter@nbalawfirm.com

                                                 **THE LANIER LAW FIRM**
                                                 W. Mark Lanier
                                                 Richard D. Meadow
                                                 Evan M. Janush
                                                 Reagan E. Bradford
                                                 6810 FM 1960 Rd W
                                                 Houston, TX 77069-3804
                                                 Phone: (713) 659-5200
                                                 Fax: (713) 659-2204
                                                 E-mail: wml@lanierlawfirm.com
                                                 E-mail: Evan.Janush@lanierlawfirm.com
                                                 E-mail: Reagan.Bradford@LanierLawFirm.com

                                                 **BOBBY R. MANNING, ATTORNEY AT LAW**
                                                 Bobby R. Manning
                                                 702 Jackson Street
                                                 Monroe, Louisiana 71201
                                                 Phone: (318) 324-1411
                                                 Fax: (318) 323-5360
                                                 E-mail: bobby@bobbymanning.com

                                                 *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  this 14th day of March 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. The foregoing will be served on counsel of record by way of the electronic filing CM/ECF System, as well as in accordance with this Court's Case Management Order One [Doc. 232] dated April 11, 2018 and pursuant to each Defendant's filed Notices identifying the person(s) and means of effecting waiver of service of process.

 /s/ Richard J. Arsenault
Richard J. Arsenault